```
        IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF ALABAMA
                  SOUTHERN DIVISION
```

MICHAEL DEWAYNE THOMAS,           *
                                  *
     Plaintiff,                   *
                                  *
vs.                               *   CIVIL ACTION NO.: 14-00078-KD-B
                                  *
RONZELLA HOWARD, *et al.*,        *
                                  *
     Defendants.                  *

## REPORT AND RECOMMENDATION

This action, which was filed by Michael Dewayne Thomas, an Alabama state inmate, has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R) for appropriate action. Upon review, it is recommended that this action be dismissed without prejudice due to Plaintiff's failure to prosecute and comply with the Court's Orders order.

Plaintiff Thomas filed this action pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights under the Eighth Amendment by their deliberate indifference to a serious risk of harm and their denial of medical and mental health treatment. (Doc. 1). Upon review of the Court's file in this action, the undersigned observes that Plaintiff's last contact with the Court was on April 22, 2014, when Plaintiff filed his "Declaration." (Doc. 16). Due to the length of time that has elapsed since Plaintiff's

1

last contact, the Court examined the Alabama Department of Corrections' website and discovered that Plaintiff is now incarcerated at St. Clair Correctional Facility, 1000 St. Clair Road, Springville, Alabama, 35146.  Plaintiff neglected to advise the Court of this change in his address even though he was warned on the complaint form that he must advise the Court of a change in his address or suffer the dismissal of his action for failure to prosecute and to obey the Court's Order. (Doc. 2 at 12).

Given Plaintiff's failure to advise the Court of a change in his address, and considering the length of time since Plaintiff's last contact with the Court, it appears that Plaintiff has lost interest in this action.  Accordingly, on May 10, 2016, Plaintiff was ordered to inform the Court, in writing, if he wished to proceed with the litigation of this action. (Doc. 21). Plaintiff was expressly warned that failure to Comply with this Order within the prescribed time would be treated as abandonment of the prosecution of this action. (Id. at 2). To date, Plaintiff has not responded to the Court's Order, nor has his copy of the Order been returned to the Court.

Due to Plaintiff's failure to comply with the Court's Orders and to prosecute this action, his apparent loss of interest in this case, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil

Procedure as no other lesser sanction will suffice. Link v. Wabash R.R., 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)(interpreting Rule 41(b) to not restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F. 3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F. 2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1983); Jones v. Graham, 709 F. 2d 1457, 1458 (11th Cir. 1983). Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)(ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F. 2d 1536, 1545-46 (11th Cir. 1993)(finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S. Ct. 181, 126 L. Ed. 2d 140 (1993).

## Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. ALA GenLR 72(c). The parties should note that under

Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1.* In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

    **DONE** this **17th** day of **June, 2016**

                                                   **/S/SONJA F. BIVINS**
                                        **UNITED STATES MAGISTRATE JUDGE**